### GEORGIA CASUALTY CO. v. BOWRON.

(Circuit Court of Appeals, Fifth Circuit. May 8, 1916.)

No. 2844.

INSURANCE ⬅=435—INDEMNITY INSURANCE—LIABILITY.

Defendant issued a policy insuring the trustee, carrying on a bankrupt's business, against loss from injuries to employés. The policy declared that no action should lie against defendant under the indemnity clause, unless brought in the name of the insured for loss actually sustained and paid in money by insured in satisfaction of a judgment after trial of the issue. Pending the case of an injured employé against the trustee, the bankrupt's property was sold, the purchaser obligating itself to hold the trustee harmless against any and all liability for damages to persons or property resulting from the carrying on of the business

---

⬅=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the bankrupt, and the judgment finally recovered by the injured servant was paid by the vendee of the purchaser, which assumed its obligation. The decree under which the property was sold expressly provided that the sale and conveyance should be subject to the condition that the court might take and resell the property in case the purchaser should fail to pay any part of the purchase price. *Held* that, as the sale was conditional and as the purchase price was necessarily diminished by the amount of the judgment recovered against the trustee by the injured servant, the trustee suffered a loss for which the insurer was liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. ⊕435.]

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by James Bowron, trustee in bankruptcy of the Southern Iron & Steel Company, against the Georgia Casualty Company. There was a judgment for plaintiff (223 Fed. 673), and defendant brings error. Affirmed.

E. H. Cabaniss, of Birmingham, Ala., for plaintiff in error.

Augustus Benners, of Birmingham, Ala., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. This was an action on an employer's liability insurance policy issued to James Bowron as receiver in bankruptcy of the Southern Iron & Steel Company, which, upon his appointment as trustee of the bankrupt's estate, was by indorsement made payable to him as such trustee. After the date of a decree ordering the sale of the bankrupt's property, but before the sale under that decree, and while the bankrupt's property was in possession of and operated by the trustee, Carl Sibert, an employé of the trustee, sustained personal injuries. Against loss arising or resulting from a claim upon the assured for damages on account of those injuries the insurer, by the policy, undertook to indemnify the assured. A judgment in favor of Sibert was rendered against the assured in a suit brought to recover such damages, the defense of which suit was conducted by the insurer, as provided for in the policy, and that judgment has been paid. But it is contended in behalf of the insurer, the plaintiff in error here, that the payment was not made by the assured, and that the satisfaction of the judgment was so brought about that the accrual of a right of action in favor of the assured on the policy was prevented by the following provision thereof:

"No action shall lie against the company under the indemnity clause herein unless brought by and in the name of the assured for loss actually sustained and paid in money by the assured in satisfaction of the judgment after trial of the issue."

Emphasis is laid upon the policy being one of indemnity, not against liability, though it is adjudged to exist, but against "loss actually sustained and paid in money by the assured in satisfaction of the judgment after trial of the issue."

The contention urged is based upon the circumstances that the purchaser of the bankrupt's property, in compliance with the requirements

of the decree for its sale, obligated itself to hold the trustee "harmless against any and all liability for damages to persons or property resulting from the carrying on of the business of the bankrupt by him, and for all costs and legal expenses incident thereto not paid or discharged from the proceeds of sale," and that the judgment in favor of Sibert was paid by the vendee of such purchaser, which had assumed its obligations, giving its check, payable to the order of the trustee in bankruptcy, for an amount recited in a statement attached to the check to be "in full payment of judgment and costs of court in the suit of" Sibert against the trustee, and by the trustee by indorsement making that check payable to the order of the clerk of the court, who collected the amount and applied it to the satisfaction of the judgment and costs in the Sibert case. The circumstances just mentioned, upon which the plaintiff in error relies, are not the only ones which are to be looked to in determining whether, within the meaning of the above-quoted provision of the policy, the assured did or did not actually sustain a loss in consequence of Sibert's injury, and did or did not in reality satisfy the judgment recovered by Sibert. The decree under which the bankrupt's property was sold expressly provided that the sale and conveyance of it should "be subject to the condition that the court may retake and resell the property in case the purchaser or purchasers or assigns shall fail to pay any part of the purchase price remaining unpaid, or to comply with any order duly made by this court with respect to the making of any payment which it is herein provided the purchaser or purchasers shall make, or to perform and discharge any contract or liability of the trustee which by the terms of this order the purchaser shall assume." And a decree, which, with exceptions therein stated, closed the administration of the bankrupt estate, made in the bankruptcy proceeding after Sibert had recovered his judgment against the trustee, but before the affirmance of that judgment by this court, contained the following provision:

"There is pending against the trustee the matter of the claim of J. Carl Sibert for personal injuries, as against which the trustee holds a policy of the Georgia Life Insurance Company, and also the undertaking of the purchaser of the property of this estate to hold him harmless against the same, which said matter and all things material, pertinent, or incident thereto are excepted, and this proceeding, so far as the same are concerned, is not closed, but remains open until finally disposed of and settled."

It resulted from the court's action that the sale of the bankrupt's property was a conditional one, that the amount of the judgment recovered by Sibert was a part of the purchase price required to be paid, was made a charge on the property in the hands of the purchaser or a subvendee, and that the property remained under the control of the court and subject to administration as assets of the estate in bankruptcy so far as that charge upon it was concerned.

The policy sued on inured to the benefit, not of James Bowron, the individual, but of the bankrupt estate which the court was administering, and which was in his charge as the court's agent and trustee. It well may be inferred that the net amount realized from that estate was lessened—in other words, that the estate was subjected to a loss—by selling it conditionally and subject to the charge against it of the

amount to be recovered as damages for a personal injury that had been sustained before the sale was made, instead of selling it unconditionally and free of any incumbrance. But, aside from that consideration, a vendor who brings about the payment of a demand of a third party against him by making it a charge upon the thing sold, which is worth greatly more than the amount of the demand so provided for, may well be regarded as in reality the payer of that demand, though the money used in making the payment is supplied by the conditional owner of the thing sold, who is practically coerced into making the payment for the vendor to save himself. In such a case it is at last the vendor who supplies the means of bringing about the payment. A result of the orders of the court above referred to and what was done under them was to put the bankrupt estate, represented by the assured, its trustee, in the position of such a vendor. The evidence as a whole was such as to require the conclusions that the bankrupt estate, while it was subject to administration under the orders of the court by the trustee, to whom the policy was payable, sustained a loss measured by the amount of the judgment recovered by Sibert, and that that judgment in reality was satisfied out of the bankrupt estate while it was still within the court's grasp. A contrary conclusion would be the result of considering only the form which the transaction assumed, and losing sight of the real nature and effect of it. We are of opinion that, as applicable to the evidence, the charge which the court gave was a proper one, and the judgment is affirmed.

MAXEY, District Judge, was prevented by illness from participating in the decision of this case.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes